USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

CRITERIUM CAPITAL FUNDS B.V., BBF TRUST,
WALL STREET SECURITIES, S.A.,
BANCA ARNER, S.A., and ALVARO CASTILLO,
on behalf of themselves and all others
similarly situated,

                     Plaintiffs,

    -against-

KINGATE MANAGEMENT LIMITED, et al,

                     Defendants.

09 Civ. 5386 (DAB)
ORDER

------------------------------------------X

SILVANA WORLDWIDE CORP., on behalf of
itself and all others similarly situated,

                     Plaintiff,

    -against-

KINGATE MANAGEMENT LIMITED, et al,

                     Defendants.

09 Civ. 5470 (DAB)
ORDER

------------------------------------------X

EITHAN EPHRATI, on behalf of himself
and all others similarly situated,

                     Plaintiff,

    -against-

KINGATE MANAGEMENT LIMITED, et al,

                     Defendants.

09 Civ. 5762 (DAB)
ORDER

------------------------------------------X

```
------------------------------------------X
LUCIEN GELDZAHLER, on behalf of himself
and all others similarly situated,

                              Plaintiff,
                                               09 Civ. 5882 (DAB)
          -against-                                  ORDER

KINGATE MANAGEMENT LIMITED, et al,

                              Defendants.
------------------------------------------X

ANDORRA BANC AGRICOL REIG S.A., on
behalf of itself and all others
similarly situated,

                              Plaintiff,
                                               09 Civ. 6522 (DAB)
          -against-                                  ORDER

KINGATE MANAGEMENT LIMITED, et al,

                              Defendants.
------------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On June 10, 2009, Plaintiffs Criterium Capital Funds B.V., BBF Trust, Wall Street Securities, S.A., Banca Arner, S.A., and Alvaro Castillo filed a class action in this Court for negligent misrepresentation, breach of fiduciary duty, gross negligence, and unjust enrichment against Defendants Kingate Management Limited, Tremont (Bermuda) Limited, FIM Advisers LLP, CITI Hedge Fund Services Ltd., Graham H. Cook, John E. Epps, Sandra Manzke, Charles Sebah, Keith R. Bish, Christopher Wetherhill, Michael G.

2

Tannenbaum, Phillip A. Evans, Margaret Every, Shazieh Salahuddin, Johann Wong, and Preston M. Davis (the "Criterium Class Action"). Specifically, Plaintiffs allege that Defendants wrongfully turned money that Plaintiffs and other shareholders had invested in two investment funds, the Kingate Euro Fund and the Kingate Global Fund (together, the "Kingate Funds") over to Bernard Madoff's massive Ponzi scheme.[1] Subsequently, four additional class actions, <u>Silvana Worldwide Corp. v. Kingate Management Ltd., et al.</u>, No. 09 Civ. 5470 (DAB), <u>Ethan Ephrati v. Kingate Management Ltd., et al.</u>, No. 09 Civ. 5762 (DAB), <u>Lucien Geldzahler v. Kingate Management Ltd., et al.</u>, No. 09 Civ. 5882 (DAB), and <u>Andorra Banc Agricol Reig S.A. v. Kingate Management Ltd., et al.</u>, No. 09 Civ. 6522 (DAB), were filed against certain of the Defendants to the Criterium Class Action and others, all arising from the same underlying facts as to the Kingate Funds' investments in the Madoff Ponzi scheme, and were accepted by this Court as related to the Criterium Class Action.

Now before the Court are a Motion for Consolidation of the related actions by Plaintiffs Criterium Capital Funds B.V., BBF Trust, Wall Street Securities, S.A., Banca Arner, S.A., Alvaro

---

[1] Plaintiffs initially named Madoff as a Defendant in the Criterium Class Action, but voluntarily dismissed their claims against him on August 7, 2009.

Castillo, Silvana Worldwide Corp., and Lucien Geldzahler (the "Criterium Plaintiffs"), and three Cross-Motions for Appointment of Interim Lead Counsel by (1) the Criterium Plaintiffs, (2) Plaintiff Ethan Ephrati ("Ephrati"), and (3) Plaintiff Andorra Banc Agricol Reig S.A. ("Andorra"). Plaintiff Ephrati has moved additionally to appoint himself as Lead Plaintiff.

The Criterium Plaintiffs' Motion for Consolidation of these actions is unopposed, as all Parties agree that consolidation of the cases is appropriate. Rule 42 of the Federal Rules of Civil Procedure states that, "If actions before the court involve a common question of law or fact, the court may...(2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. Having reviewed the papers submitted by the Criterium Plaintiffs in support of their Motion to Consolidate, the Court finds that the above-captioned actions involve common Defendants and common questions of law and fact, making consolidation appropriate to promote judicial efficiency and to avoid unnecessary cost and delay. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). All of the actions arise out of the loss of shareholder investments in the same two funds, the Kingate Funds, through the Madoff Ponzi scheme, and all involve a number of common factual and legal questions, including whether Defendants failed to conduct adequate due

diligence, monitoring and auditing of the Kingate funds' investments in Madoff, whether Defendants improperly enriched themselves by collecting fees for services not performed, and the amount of damages resulting from Defendants' conduct. (Criterium Plaintiffs' Memorandum of Law in Support of Motion for Consolidation and Appointment of Interim Co-Lead Counsel ("Criterium Memo.") at 4.) As such, the Court ORDERS that the following actions are HEREBY consolidated for all purposes:

> Criterium Capital Funds, B.V., et al. v. Kingate Management Ltd., et al.  09 Civ. 5386 (DAB)
>
> Silvana Worldwide Corp. v. Kingate Management Ltd., et al.  09 Civ. 5470 (DAB)
>
> Ethan Ephrati v. Kingate Management Ltd., et al.  09 Civ. 5762 (DAB)
>
> Lucien Geldzahler v. Kingate Management Ltd., et al.  09 Civ. 5882 (DAB)
>
> Andorra Banc Agricol Reig S.A. v. Kingate Management Ltd., et al.  09 Civ. 6522 (DAB)

The caption of these consolidated actions shall be "In re KINGATE MANAGEMENT LIMITED LITIGATION" and the files of these consolidated actions shall be maintained under Master Docket Number 09 Civ. 5386 (DAB).

Regarding the appointment of Interim Lead Counsel, before the Court are three Cross-Motions: the Criterium Plaintiffs' Motion to Appoint Boies, Schiller & Flexner, Labaton Sucharow,

5

and Cohen Milstein as Interim Co-Lead Counsel, Plaintiff Ephrati's Motion to Appoint Johnson Bottini, LLP as Interim Lead Counsel, and Plaintiff Andorra's Motion to Appoint Bernstein Liebhard LLP as Interim Lead Counsel. In response to an Order from the Court dated August 24, 2009, the Criterium Plaintiffs have also provided the Court with a Submission on Efficiency and Costs of Representation by Proposed Interim Co-Lead Counsel ("Criterium Efficiency and Costs Submission"). In support of their Motion to Appoint Boies, Schiller & Flexner, Labaton Sucharow, and Cohen Milstein as Interim Co-Lead Counsel, the Criterium Plaintiffs have argued that:

> "In addition to offering better representation to the putative class, the Proposed Interim Co-Lead Counsel will act at least as efficiently as a single firm would, and will cost no more than a single firm. The firms have agreed to abide by procedures designed to ensure that duplicative costs are not incurred and that the firms will communicate with the court and counsel with a single voice. Furthermore, as demonstrated in the declarations of counsel submitted herewith, the firms acknowledge their total fees should and will not exceed the amount justified under a percentage of recovery analysis. Accordingly, the fees paid by the class will be the same whether three firms or one firm act as lead counsel."

(Criterium Efficiency and Costs Submission at 2.)

Having considered the Parties' submissions, and the factors set forth in Fed. R. Civ. P. 23(g)(1)(A), the Court HEREBY APPOINTS Boies, Schiller & Flexner, Labaton Sucharow, and Cohen Milstein as Interim Co-Lead Counsel in the consolidated action.

While Plaintiff Ephrati has moved additionally to appoint himself Lead Plaintiff for the consolidated action, the Court finds that it is unnecessary to appoint interim lead plaintiffs before class certification in this non-PSLRA case.[2] Rule 23 does not provide for the appointment of interim lead plaintiffs; rather, the appointment of lead plaintiffs before class certification is a PSLRA requirement that is inapplicable in these consolidated cases alleging common law claims only. See Fed. R. Civ. P. 23; PSLRA, 15 U.S.C. § 78u-4(a)(3)(B). The Court will revisit the appointment of lead plaintiffs in this consolidated action at the class certification stage.

Nothing in this Order shall be construed as a determination for the purposes of class action certification pursuant to Fed. R. Civ. P. 23.

SO ORDERED.

Dated:    New York, New York
          January 22, 2010

_____
Deborah A. Batts
United States District Judge

---

[2] Further, the Court notes that Ephrati has proposed that he be appointed Lead Plaintiff without disclosing the actual amount of his loss. While the Court is not required in a non-PSLRA case to select the Plaintiff with the greatest loss as Lead Plaintiff, relative loss is highly relevant to the Court's determination.