UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE KINGATE MANAGEMENT LIMITED LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 09 Civ. 5386 (DAB)<br><br>DECLARATION OF<br>GRAHAM HEDLEY COOK |

1. I, Graham Hedley Cook, have been named as a defendant in the above-captioned action (the "Litigation"). I make this Declaration in support of my motion to dismiss the Litigation for lack of personal jurisdiction. I have personal knowledge of the facts set forth in this Declaration.

2. I was a director of the Kingate Global Fund and the Kingate Euro Fund (together, the "Funds"), which are both investment funds in the British Virgin Islands, from December, 2002 until the Funds were placed in liquidation in 2009.

3. I am a citizen of the United Kingdom. I have been a resident of the British Virgin Islands since August 2002.

4. I have never been a citizen of the United States.

5. I have never lived in, had a residence in, or had a domicile in New York (or anywhere else in the United States).

6. I have never owned, leased or possessed any real property in New York (or anywhere else in the United States).

7. I have never maintained an office or place of business in New York (or anywhere else in the United States).

8. I have never had a mailing address in New York (or anywhere else in the United States).

9. I have never had a telephone number in New York (or anywhere else in the United States).

10. I have never maintained a bank account in New York.

11. I have visited New York on three occasions in the past ten years. These were all brief visits for business-related reasons, none in connection with the Kingate Funds. Each visit lasted between three and five days.

12. I have never traveled to New York (or anywhere else in the United States) in connection with my role as a director of either the Kingate Global Fund or the Kingate Euro Fund. Likewise, I have never made or joined any telephone call placed to New York (or anywhere else in the United States) involving either Fund at any time prior to prior to the news reports of Bernard Madoff's fraud in December, 2008, except that on several occasions while I was at meetings of the Funds' Board of Directors, U.S. legal counsel joined by telephone. However, none of these calls related to the Funds' investments, investment strategy, or marketing.

13. I have never solicited investors or businesses in New York (or anywhere else in the United States) in connection with my role as a director of either the Kingate Global Fund or the Kingate Euro Fund, or directed any communications, oral or written, to any businesses or residents of New York (or anywhere else in the United States) in connection with either of the Funds.

14. I understand that the plaintiffs in this case have alleged that all of the defendants, including me, were paid fees based on the Funds' returns. However, I never received any such compensation. Each of the Funds paid a flat fee per year for my services as a director plus travel expenses to attend Board meetings in Bermuda. The fees agreed for 2008 were USD 15,000 each Fund.

15. I have never met Bernard Madoff.

16. I have never spoken with or otherwise communicated with Bernard Madoff.

17. To the best of my knowledge, I have never met any employee of Bernard Madoff Investment Services.

18. To the best of my knowledge, I have never spoken with or otherwise communicated with any employees of Bernard Madoff Investment Services.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 15, 2010, in Road Town, Tortola, British Virgin Islands

                                                                                              _____
                                                                                                          Graham Hedley Cook