# COURT OF APPEAL SITTING ANTIGUA and BARBUDA

## Monday 8th February to Friday 12th February 2010

**Coram:** His Lordship the Hon. Chief Justice, Hugh A. Rawlins
Her Ladyship the Hon. Janice George-Creque, Justice of Appeal
His Lordship the Hon. Davidson Baptiste, Justice of Appeal (Ag.)

**JUDGMENTS DELIVERED**

**Case Name:** Franklyn Reynolds v State Insurance Corporation
[Civil App. No. 5 of 2007]

**Appearances:**

**Appellant:** Mr. Dane Hamilton QC and Mr. D. R. Hamilton

**Respondent:** Sir Gerald Watt QC and Mrs. Denise Jonas-Parillon

**Issue:** Civil Appeal – Indemnity – exclusion of liability for negligence – contra proferentem rule – whether the insured is entitled to be indemnified

**Result:** The Appeal is allowed and the judgment and order of the High Court is set aside. The Appellant is awarded prescribed costs in the court below on the amount of the indemnity claim and two-thirds of that amount on appeal

**Reason:**
1. The act of swimming or snorkeling in which Ms. Norman was engaged did not cause the injury. The direct and proximate cause of the accident was the negligence of the master/crew member in turning on the engine without ascertaining that it was safe to do so. The learned judge accordingly failed to adequately direct herself on the issue of causation and erred in law in finding that Ms.

1

Norman's swim or snorkel activity was merely one of the proximate causes of her injuries.

2. On construction of the cover note, swimming or snorkeling was not prohibited. Further, the policy schedule and the Marine Hull Proposals do not support a conclusion that it was the clear intention of the parties that the boat should not be used for swimming, diving or snorkeling. In any event, the act of attempting to re-enter the boat, during which act Ms. Norman was injured, was not an integral part of swimming or snorkeling.

3. The court will give effect to an express reference excluding liability for negligence. If there is no express reference to negligence, the court must consider whether the words used are wide enough, in their ordinary meaning, to cover negligence on the part of the proferens. If a doubt exists on this point it must be resolved against the proferens, that is, the contra proferentum rule applies.

   **Canada Steamship Lines Ltd. v The King** [1952] AC 192 and **Beaulieu v Reliance Insurance** (1971) 19 DLR 3ed. 399 applied.

4. The words "excluding swim, dive, snorkel and crew liability" contained in the exclusion clause are not clear enough to limit liability in respect of negligence. In the absence of an express reference to negligence in the exclusion clause, the words "excluding swim, dive, snorkel and crew liability" are not wide enough in their ordinary meaning to cover negligence. The learned judge accordingly erred in failing to find that the terms of the policy of insurance did not exclude liability for negligence.

5. The words "excluding swim, dive, snorkel and crew liability" contained in the exclusion clause are ambiguous for it is unclear whether the activities referred to are excluded or prohibited and it is unclear what is meant to be covered by crew liability having regard to the indemnity provision in clause 10.1.4. There is sufficient ambiguity in the exclusion clause to engage the contra proferentem rule whereby the clause is to be interpreted strictly against the respondent.

6. Having regard to the exclusion clause and the indemnity

provision of clause 10, the loss arising from Ms. Norman's personal injury for which the indemnity is claimed, falls squarely within the indemnity provision so that the appellant is entitled to be indemnified to the amount of the award of damages adjudged payable by him.

| | |
|---|---|
| **Case Name:** | **D & B Trucking & Hauling Service Limited v Caribbean Insurers Limited**<br>**[Civil App. No. 25 of 2008]**<br>**Territory of the Virgin Islands** |
| **Appearances:** | |
| *Appellant:* | Sir Clare Roberts QC holding papers for Mrs. Tana'ania Small-Davis |
| *Respondent:* | Mr. Hugh Marshall Jr. holding papers for Mrs. Hazel-Ann Hannaway Boreland |
| **Issue:** | Civil Appeal – Contract – term made in an oral contract – whether the time stipulation was a condition –whether time was of the essence – breach of contract – whether injured party may rescind – quantum meruit – damages – costs - offer to settle – whether CPR Part 35 applies – whether there should be a departure from CPR 64.6 (1) |
| **Result:** | The appeal as it relates to the claim on a quantum meruit basis is dismissed. The appeal on the issue of costs whereon the appellant was ordered to pay the respondent's costs in the High Court is allowed and the costs order set aside. |
| **Reason:** | 1. Breach of a contract does not make it disappear, entitling the injured party or the court to re-write the contract by the insertion of new or revised terms. Quantum meruit has no place where the innocent party has completed the work he had contracted to do before the breach.<br>**Photo Production Limited v Securicor Transport Ltd.** [1980] AC 827 applied.<br>2. Save for well established classes of contract, a stipulation as to time of performance in a contract is not generally regarded as being "of the essence". This |

3

      is based on the view that delay does not normally deprive the injured party of the substance of his bargain, damages being an adequate remedy. The general rule is that delay will justify termination of a contract only where it does cause serious prejudice to the other party." In this case it cannot be said that failure by the respondent to pay by the stipulated time destroyed the substance or foundation of the contract.

3. CPR 35.15 is not applicable to the circumstances of this case. As such there was no good reason for departure from the general rule under CPR 64.6 (1) which requires that the unsuccessful party must pay the costs of the successful party.

| | |
|---|---|
| **Coram:** | **His Lordship the Hon. Chief Justice, Hugh A. Rawlins** |
| | **Her Ladyship the Hon. Janice George-Creque, Justice of Appeal** |
| | **His Lordship the Hon. Errol Thomas, Justice of Appeal (Ag.)** |

**APPLCATIONS**

| | |
|---|---|
| **Case Name:** | **Alexander M. Fundora v Stanford International Bank Limited** |
| | **Ralph Steven Janvey v Alexander M. Fundora** |
| | **[Civil Appeal No. 8 2009]** |
| **Appearances:** | |
|    Appellant: | Sir Clare Roberts QC with him Mrs. Tracy Benn-Roberts for Mr. Ralph Janvey |
|    Respondent: | Mr. Kendrickson Kentish for the Liquidators of Stanford International Bank (2nd Respondent) |
| | Miss Jasmin Wade led by Mr. Paul Webster for the 3rd Respondent (FSRC) |
| **Issue:** | Leave to Adduce Fresh Evidence |
| **Result:** | Hearing of the application herein is adjourned to the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010 to facilitate settlement |
| **Reason:** | The parties are pursuing settlement negotiations on the order of |

4

the judge in the US proceedings.

**Case Name:**         **Careem Bedminister v The Queen**
                      **[Crim. App. No. 12 of 2009]**

**Appearances:**

    **Appellant:**      Mr. Steadroy Benjamin

    **Respondent:**     Mr. Anthony Armstrong – Director of Public Prosecutions

**Issue:**             Bail Pending Appeal

**Result:**            On the oral application of Mr. Benjamin, Counsel for the Apellant/Applicant, the hearing of the application is traversed to the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010

**Reason:**            Mr. Benjamin expressed the thought that the application might stand a better chance if made later.

**Case Name:**         **Ahmed Williams v The Queen**
                      **[Civil Appeal No. 28 of 2009]**

**Appearances:**

    **Appellant:**      Mr. Steadroy Benjamin

    **Respondent:**     Mrs. Carla Brookes-Harris

**Issue:**             Application for leave to appeal

**Result:**            The hearing of the Application is adjourned to the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010

**Reason:**            A matter, the outcome of which will affect the outcome of this application is being heard in the High Court.  Counsel for both parties agreed that this application should be adjourned pending the outcome of that case in the High Court.

**Case Name:**         **Diana Lynn Hendricks v Thyra Hendricks-Henry**
                      **[Civil App. No. 13 of 2009]**

**Appearances:**

|  |  |
|---|---|
| **Appellant:** | Appellant in person |
| **Respondent:** | Mr. Laurence Daniels |

**Issue:** Application for leave to appeal

**Result:**
(1) Order of single Judge given on 18th December, 2009 is set aside
(2) Application for leave to appeal filed on 30th October, 2009 is treated as the Notice of Appeal
(3) As a consequence of paragraph 2 above, notice of leave to appeal filed herein on 22nd December, 2009 is dismissed
(4) This appeal shall be brought up for report on settlement related to the Appellant's beneficial interest in the property during the sitting of this Court in December 2010 or earlier, if necessary, on notice from either party
(5) Costs reserved

**Reason:** The judgment that the appellant seeks to appeal is a final order that requires no leave. The appellant is a litigant in person. The court therefore decided to treat the Application for leave filed on 30th October 2009 as an appeal, but gave time for the parties to facilitate the realization of the Applicant's beneficial interest in the family property.

**Case Name:** **Colin Turner et al v Terrance Sansom**
**[Civil Appeal No. 1 of 2010]**

**Appearances:**

|  |  |
|---|---|
| **Appellant:** | Mr. Dane Hamilton QC |
| **Respondent:** | Mrs. Shahida Ali-Schneider |

**Issue:** Application for stay of execution

**Result:** Both parties had discussions and reached an accommodation on the stay of execution and also agreed that the injunctive order with respect to expenses remaining in place pending the determination of the appeal. Consent Order to be prepared and filed by Solicitors for the Respondent

**Reason:**

**Case Name:**       **Lucine Hanley v Yvonne Elizabeth Hanley**
              **[Civil Appeal No. 4 of 2010]**

**Appearances:**

      **Appellant:**  Dr. David Dorsett

      **Respondent:**  Mrs. Veronica Thomas

**Issue:**          Application for leave to appeal and stay of execution

**Result:**         The hearing of application is adjourned to the next sitting of the Court of Appeal in Antigua and Barbuda in 2010

**Reason:**         Documents were filed close to the scheduling of the matter for hearing, which did not permit time to prepare for the hearing.

**HIGH COURT CRIMINAL APPEALS AGAINST CONVICTION AND SENTENCE**

**Case Name:**       **Roger Naitram v The Queen**
              **[Criminal Appeal No. 5 of 2009]**
              **Lassell Punch v The Queen**
              **[Criminal Appeal No. 6 of 2006]**
              **Leary Matheson v The Queen**
              **[Criminal Appeal No. 8 of 2006]**

**Appearances:**

      **Appellant:**  Mr. Jason Martin for Messrs Naitram and Matheson
             Mr. Peyton Knight for Mr. Punch

      **Respondent:**  Mr. Anthony Armstrong - DPP

**Issue:**          Appeal against conviction and sentence

**Result:**         (1) The application by Counsel for Appellants Naitram and Matherson for an extension of time to file Skeleton Arguments is granted and Solicitors for Messrs Naitram

|  |  |
|---|---|
|  | and Matheson shall file and serve skeleton arguments by 16th March 2010 |
|  | (2) The Director of Public Prosecution shall file and serve skeleton in response by 27th April, 2010 |
|  | (3) Appeals shall be heard at the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010 |
| **Reason:** | Although the reasons given in the affidavit in support of the application for extension of time for the delay in filing and serving the skeleton arguments were thin, the Court did not want to deprive the appellants of the benefit of an appeal. |
| **Case Name:** | **Llewelyn Smith v Antigua Port Authority**<br>**[Civil Appeal No. 12 of 2007]** |
| **Appearances:** |  |
| **Appellant:** | Mr. Hugh Marshall Jr. |
| **Respondent:** | Mr. Collin Derrick |
| **Issue:** | Application for Relief from Sanctions to permit the substantive appeal to be heard, notwithstanding and unless security for costs order. |
| **Result:** | (1) The application for relief from sanctions is dismissed and The Order of single Judge given on 17th December, 2009 is affirmed.<br>(2) The applicant shall pay costs to the respondent to be assessed if not agreed |
| **Reason:** | Application could not be allowed given Rule 62.17(4)&(5) of the CPR 2000. The Applicant should have sought review of the he decision of the Single Judge and the order for security to be entered in order to prosecute the appeal before the time unless the order took effect to cause the appeal to be automatically dismissed. |
| **Case Name:** | **Galley Bay Investment Limited et al v Dawn Run Limited**<br>**[Civil Appeal No. 29 of 2008]** |
| **Appearances:** |  |
| **Appellant:** | Mr. Dane Hamilton QC with Mr. D. R. Hamilton |

| | | |
|---|---|---|
| | **Respondent:** | Sir Clare Roberts QC with Mrs. Tracy Benn-Roberts |
| **Issue:** | | Whether the appeal should be allowed because the Appellants were improperly joined as defendants in the claim – whether the costs order in the High Court against the Appellants should be dismissed – whether in any event the judge erred in finding that the restrictive covenants in question were obsolete |
| **Result:** | | Judgment Reserved and date to be notified |

**MATTERS HEARD IN CHAMBERS BEFORE HIS LORDSHIP THE HON. DAVIDSON BAPTISTE JUSTICE OF APPEAL (AG.)**

**HIGH COURT CIVIL APPEALS**

| | | |
|---|---|---|
| **Case Name:** | | **Franklyn Francis v Commissioner of Police et al [Civil App. No. 24 of 2001]** |
| **Appearances:** | | |
| | **Appellant:** | Mr. Jason Martin |
| | **Respondent:** | Mrs. Carla Brookes-Harris |
| **Issue:** | | Appeal against Judgment of Justice Kenneth Benjamin |
| **Result:** | | Matter traversed to the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010 |
| **Reason:** | | |

**Enoch Richards v The Commissioner of Police et al [Civil Appeal No. 25 of 2001]**

| | | |
|---|---|---|
| **Appearances:** | | |
| | **Appellant:** | Mr. Jason Martin |
| | **Respondent:** | Mrs. Carla Brookes-Harris |

| | | |
|---|---|---|
| **Issue:** | | Appeal against oral decision of Justice Ephraim Georges |
| **Result:** | | Matter dismissed |
| **Reason:** | | |
| **Case Name:** | | **David Henry v LIAT (1974) Limited**<br>**[Civil Appeal No. 7 of 2002]** |
| **Appearances:** | | |
| | **Appellant:** | Mr. Lenworth Johnson |
| | **Respondent:** | Mrs. Nelleen Rogers-Murdoch (not present) |
| **Issue:** | | Appeal against Industrial Court Judgment |
| **Result:** | | Matter traversed to the next sitting of the Court of Appeal in Antigua and Barbuda to allow the Appellant time to instruct new counsel. The Registrar to inform the parties of the exact date |
| **Case Name:** | | **James Holborough T/A Caribbean Art Supplies v Brenda Rayne**<br>**[Civil Appeal No. 18 of 2002]** |
| **Appearances:** | | |
| | **Appellant:** | Mrs. E. Denecia Thomas |
| | **Respondent:** | No appearance |
| **Issue:** | | Appeal against Industrial Court Judgment |
| **Result:** | | Matter is adjourned to the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010. The Registrar is to inform the Respondent |
| **Reason:** | | |

**HIGH COURT CRIMINAL APPEALS**

**Starney Solomon v The Queen**
**[Crim. Appeal No. 7 of 2005]**

**Appearances:**

|  |  |
|---|---|
| **Appellant:** | Mr. Dane Hamilton QC |
| **Respondent:** | Mr. Anthony Armstrong – Director of Public Prosecutions |

**Issue:** Appeal against conviction and sentence

**Result:** Matter is adjourned to the next sitting of the Court of Appeal in Antigua and Barbuda in June 2010

**Reason:**

**MAGISTERIAL CIVIL APPEAL**

**Case Name:** **Courts (Antigua and Barbuda) Limited v Donalyn Richards et al**
**[Civil Appeal No. 1 of 2002]**

**Appearances:**

|  |  |
|---|---|
| **Appellant:** | Mr. Hugh Marshall Jr. |
| **Respondent:** | No appearance |

**Issue:** Appeal against decision of Senior Magistrate Maureen Payne-Hyman

**Result:** Matter discontinued

**Reason:**

**MAGISTERIAL CRIMINAL AAPEAL**

**Case Name:** **Yvonne Brown v The Commissioner of Police**
**[Mag. Crim. Appeal No. 1 of 2002]**

**Appearances:**

|  |  |
|---|---|
| **Appellant:** | Dr. David Dorsette |
| **Respondent:** | No appearance |

**Issue:** Appeal against decision of Magistrate Asquith Reviere

**Result:** Appeal abandoned and stands dismissed