Case 1:09-cv-05386-DAB   Document 89-14   Filed 07/19/10   Page 1 of 2

*West Indies Associated States Supreme Court* (**CAP. 80**   813
(*Virgin Islands*).

# CHAPTER 80.

WEST INDIES ASSOCIATED STATES SUPREME COURT (VIRGIN ISLANDS).

6/1968
5/1973
11/1975
9/1976
5/1991

(15*th April*, 1969.)

PRELIMINARY.

**1.** This Ordinance may be cited as the West Indies Associated States Supreme Court (Virgin Islands) Ordinance. — Short title.

**2.** In this Ordinance, unless the context otherwise requires, the following expressions have the meanings hereby assigned to them respectively, that is to say— — Interpretation.

- "action" means a civil proceeding commenced by writ or in such other manner as may be prescribed by rules of court, but does not include a criminal proceeding by the Crown;

- "cause" includes any action, suit or other original proceeding between a plaintiff and defendant, and any criminal proceeding by the Crown;

- "Chief Justice" means the Chief Justice of the Eastern Caribbean Supreme Court;

- "Chief Registrar" means the Chief Registrar of the Supreme Court constituted under the Courts Order;

- "Court" or "Supreme Court" means the Eastern Caribbean Supreme Court established by the Courts Order;

- "Court of Appeal" means the Court of Appeal established by the Courts Order;

- "Courts Order" means the Supreme Court Order, 1967;   U.K.-S.I. 1967 No. 223.

- "defendant" includes any person served with any writ or summons or process, or served with notice of, or entitled to attend, any proceedings;

multiplicity of legal proceedings concerning any of these matters avoided.

**Rules of equity to prevail.**

**21.** In all matters in which there was formerly or is any conflict or variance between the rules of equity and the rules of common law with reference to the same matter the rules of equity shall prevail.

**Declaratory order.**

**22.** No action or proceeding shall be open to objection on the ground that a merely declaratory judgment decree or order is sought thereby.

**Mode of trial.**

**23.** (1) Subject as hereinafter provided, any action to be tried before the High Court, may in the discretion of the court or a judge, be ordered to be tried with or without a jury:

Provided that the mode of trial shall be by a judge without a jury unless upon the application of any party to the action, a trial with a jury is ordered.

(2) Any party to the action may within ten days after the action has been set down for trial apply to have the action tried with a jury, and if the court or a judge is satisfied that—

(*a*)  a charge of fraud against the party; or

(*b*)  a claim in respect of libel, slander, malicious prosecution, false imprisonment, seduction or breach of promise of marriage,

is in issue, the action shall be ordered to be tried with a jury unless the court or a judge is of opinion that the trial thereof requires any prolonged examination of documents or accounts or any specific or local investigation which cannot conveniently be made with a jury; but, save as aforesaid the granting of a jury shall in every case be discretionary.

(3) The provisions of this section shall be without prejudice to the power of the High Court or a judge to order, in accordance with rules of court, that different questions of fact arising in any action be tried by different modes of trial, and where any such order is made the provisions of this section requiring trial with a jury in certain cases shall have effect only as respects questions relating to any such charges or claim as aforesaid.

(4) For the purposes of this section the expression "action" means a civil proceeding commenced by writ or in