UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE KINGATE MANAGEMENT LIMITED LITIGATION | Master File No: 09 Civ. 5386 (DAB) |
| This Document Relates to All Actions | ECF Case – Electronically Filed |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>CHRIS WETHERHILL'S MOTION TO DISMISS</u>**

Peter R. Chaffetz
Charles J. Scibetta
CHAFFETZ LINDSEY LLP
1350 Avenue of the Americas
New York, NY 10019
(212) 257-6960

*Attorneys for Defendant Christopher Wetherhill*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................. i

**TABLE OF AUTHORITIES** ........................................................................................................ ii

I.      **PRELIMINARY STATEMENT** ........................................................................................ 1

II.    **JURISDICTIONAL FACTS**............................................................................................. 1

III.   **ARGUMENT**....................................................................................................................... 2

       A.     **This Court Lacks Personal Jurisdiction Over Chris Wetherhill**...................... 2

       B.     **Additional Grounds for Dismissal**........................................................................ 4

IV.   **CONCLUSION** ................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Big Apple Pyrotechnics and Multimedia Inc. v. Sparktacular Inc.*,
   No. 05 Civ. 9994 (KMW), 2007 WL 747807 (S.D.N.Y. Mar. 9, 2007).................................. 3

*Duravest, Inc. v. Viscardi, A.G.*,
   581 F. Supp. 2d 628 (S.D.N.Y. 2008)....................................................................................... 3

*In re Rhodia S.A. Sec. Litig.*,
   531 F. Supp. 2d 527 (S.D.N.Y. 2007)....................................................................................... 3

*NCA Holding Corp. v. Ernestus*,
   97 Civ. 1372 (LMM), 1998 WL 388562 (S.D.N.Y. July 13, 1998) ......................................... 2

*Seawind Compania, S. A. v. Crescent Line, Inc.*,
   320 F.2d 580 (2d Cir. 1963)..................................................................................................... 2

**Rules**

F.R.C.P. 12(b)(6) .............................................................................................................................. 1

N.Y. C.P.L.R. 301 ............................................................................................................................ 2

N.Y. C.P.L.R. 302(a) ................................................................................................................... 2, 3

Defendant Chris Wetherhill respectfully submits this Memorandum of Law in Support of his Motion to Dismiss the Amended Consolidated Class Action Complaint ("Complaint") for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. This motion is based upon this memorandum of law, the submissions of certain co-defendants as are incorporated by reference herein in Section III.B below, and on the accompanying Declaration of Chris Wetherhill.

## I.     PRELIMINARY STATEMENT

This memorandum focuses on Mr. Wetherhill's jurisdictional defense and demonstrates that there is no basis under New York law or the U.S. Constitution for this Court to exercise personal jurisdiction over defendant Chris Wetherhill, whose sole role in the events alleged was as a foreign-based director of foreign investment funds and the funds' foreign management company.  As set forth more fully in Section III.B below, and to minimize duplication of briefing and burden on the Court,  Mr. Wetherhill supports his alternative motion to dismiss all claims against him pursuant to F.R.C.P. 12(b)(6) by incorporating by reference the arguments and supporting materials being submitted by certain other defendants.

## II.    JURISDICTIONAL FACTS

Of the 447 paragraphs of the Complaint, only one, No. 39, mentions Mr. Wetherhill by name.  That paragraph identifies Mr. Wetherhill as a UK citizen, a Bermuda resident, and a director of the Funds (as defined in the Complaint) and of KML.  It then proceeds to make this additional, conclusory allegation:

> As a director of [the Funds] and KML, Wetherhill had knowledge of, and participated in, the Funds' transaction of business within the state of New York, including by maintaining investment accounts in New York, consenting to the transactions related to those accounts, and otherwise exercising control over the Funds.

1

(Compl. ¶ 39.) Although Plaintiffs lump Mr. Wetherhill into the group of defendants they refer to as "The Kingate Defendants," the Complaint is devoid of any specific factual allegation regarding any representation, omission, or conduct on the part of Mr. Wetherhill. Instead, Plaintiffs seek to require Mr. Wetherhill to defend claims in this court based solely upon the conduct of the entities for which he served as a director. As quoted above, Plaintiffs allege only that he "had knowledge of, and participated in, *the Funds' transaction of business within New York.*" (*Id.*) They allege no facts that suggest that Mr. Wetherhill, individually, conducted any business here.

### III.   ARGUMENT

#### A.   This Court Lacks Personal Jurisdiction Over Chris Wetherhill

Personal jurisdiction over foreign defendants turns on New York state law. *See Seawind Compania, S. A. v. Crescent Line, Inc.*, 320 F.2d 580, 583 (2d Cir. 1963) (looking to state law governing service of process and personal jurisdiction to analyze whether the defendant was found within the Southern District). New York courts have general jurisdiction over foreign defendants who are continuously doing business in New York. N.Y. C.P.L.R. 301 (McKinney 2010)("CPLR"). Under New York's long-arm statute, the court has specific jurisdiction over defendants that transact business in New York, when that business gives rise to the cause of action for which jurisdiction is sought. *Id.* at 302(a); *NCA Holding Corp. v. Ernestus*, 97 Civ. 1372 (LMM), 1998 WL 388562, at *4 (S.D.N.Y. July 13, 1998).

Neither basis for jurisdiction applies to Mr. Wetherill. First, any alleged New York activities of KML and/or the Funds do not provide a basis for CPLR 301 general jurisdiction over Mr. Wetherhill, a foreign-based director. "An individual cannot be subject to [general] jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather

2

than on behalf of a corporation." *Big Apple Pyrotechnics and Multimedia Inc. v. Sparktacular Inc.*, No. 05 Civ. 9994 (KMW), 2007 WL 747807, at *4 (S.D.N.Y. Mar. 9, 2007) (*citing Brinkmann v. Adrian Carriers, Inc.*, 815 N.Y.S.2d 196, 199 (N.Y. App. Div. 2006)).

The same principle precludes jurisdiction over Mr. Wetherhill under the CPLR 302 (a) transacting-business test. CPLR 302(a). As this Court held in *In re Rhodia S.A. Sec. Litig.*, "[b]eing a corporation's control person of itself does not . . . merit personal jurisdiction . . . nor does being a corporation's board member . . . ." 531 F. Supp. 2d 527, 542 (S.D.N.Y. 2007)(Batts, J.). Rather, the transaction of business in the state by a corporation will support specific jurisdiction over that corporation's foreign based officer or director *"only* where the plaintiff can show that the corporation was acting as the agent for the officer (rather than vice versa, as would usually be the case)." *Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 634 (S.D.N.Y. 2008). There is no allegation to that effect here.

"A federal court's exercise of personal jurisdiction over a defendant also must satisfy constitutional due process requirements." *In re Rhodia S.A. Sec. Litig.*, 531 F. Supp. 2d at 542. Here, plaintiffs have failed to show *any relevant* contacts with New York, let alone minimum contacts sufficient to comport with constitutional due process. *Id.* Because the Complaint does not allege any conduct on Mr. Wetherhill's part that would reasonably lead him to anticipate being hailed into a court in New York State, the exercise of jurisdiction over him would offend traditional notions of fair play and substantial justice.

For a further discussion of the legal principles relating to New York jurisdiction over foreign directors of foreign companies, we refer the Court to and incorporate by reference herein, the jurisdictional arguments set forth in Section II of the memorandum of law filed today in support of the motion to dismiss of co-defendants Graham Cook, John Epps and Charles Sebah.

Although the Complaint fails as a matter of law to allege a basis for jurisdiction over Mr. Wetherhill, his accompanying declaration confirms his lack of any relevant connection to the forum. The Court should dismiss the Complaint against Chris. Wetherhill with prejudice for lack of jurisdiction.

### B. Additional Grounds for Dismissal

In the alternative, this Court should dismiss the Complaint against Chris Wetherhill for failure to state a claim upon which relief should be granted. The Complaint names Mr. Wetherhill as a defendant in Counts 3–8, 11–12 and 28. The Complaint alleges no securities fraud or purchaser or holder common law fraud claims against Mr. Wetherhill.

As the Complaint alleges no conduct on Mr. Wetherhill's part other than his role as a director of the Funds and of co-defendant Kingate Management Limited ("KML") this memorandum of law incorporates: (1) all arguments (other than those that apply solely to the fraud allegations not asserted against Mr. Wetherhill) that KML presents in support of its separate motion to dismiss; (2) the Affidavit of David Chivers, Q.C., dated July 19, 2010, on the law of the British Virgin Islands ("BVI") and of Bermuda also filed by KML; and (3) the legal argument regarding limitations on the liability of directors to shareholder claims under BVI law set forth in Section III.B. of the memorandum of law filed today in support of the motion to dismiss of co-defendants Graham Cook, John Epps and Charles Sebah.

## IV. CONCLUSION

For all of the foregoing reasons, Chris Wetherhill's Motion to Dismiss should be granted with prejudice.

Dated: New York, New York
July 19, 2010

Respectfully submitted,

By: _/s/_Peter R. Chaffetz_____
Peter R. Chaffetz
(peter.chaffetz@chaffetzlindsey.com)
Charles J. Scibetta
(charles.scibetta@chaffetzlindsey.com)
CHAFFETZ LINDSEY LLP
1350 Avenue of the Americas
New York, New York 10019
(212) 257-6960

*Attorneys for Defendant Christopher Wetherhill*