UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE KINGATE MANAGEMENT LIMITED LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 09 Civ. 5386 (DAB)<br><br>* ECF filing |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT MICHAEL G. TANNENBAUM'S MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

*Counsel for Defendant Michael G. Tannenbaum*

Defendant Michael G. Tannenbaum ("Tannenbaum") respectfully submits this Reply Memorandum of Law in Further Support of his Motion to Dismiss the Amended Consolidated Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

Although Tannenbaum joins fully in the Joint Reply Memorandum of Law in Further Support of John Epps, Graham Cook, Charles Sebah, Christopher Wetherhill, and Michael Tannenbaum's Respective Motions to Dismiss (the "Directors' Reply") and the Joint Memorandum of Law in Further Support of All Defendants' Motions to Dismiss ("Joint Brief"), there are additional distinctions between the allegations relating to Tannenbaum and the other Kingate Defendants which further support dismissal of the Complaint as to Tannenbaum. We identify such distinctions below.

## ARGUMENT

As pointed out in Tannenbaum's Memorandum of Law in Support of his Motion to Dismiss ("Initial Memorandum") at 3, Tannenbaum is even further removed from Plaintiffs than the other director defendants. Tannenbaum was an outside director *solely* of KML, the manager retained by the Funds; he was not a director or insider of the Funds in which Plaintiffs invested. The Plaintiffs were shareholders of the Funds, not KML. As discussed in the Directors' Reply at 10-12, BVI and Bermuda law do not impose a duty *to shareholders* on corporate directors; rather, the directors' duty runs only to the entity itself. But even if a duty on the part of directors to shareholders did exist, Tannenbaum owed no such duty to the Plaintiffs. They simply were not shareholders of the entity for which he served as a director. Nothing about Tannenbaum's duties to KML supports an inference that he undertook to act as a fiduciary for Plaintiffs. By their silence, Plaintiffs implicitly concede this point. Accordingly, even if Plaintiffs had alleged sufficient facts for any claims against KML or the directors of the Funds to survive dismissal (which they have not), the claims against Tannenbaum should be dismissed.

Moreover, Plaintiffs cannot identify a single representation that Tannenbaum made to the Plaintiffs.  The group pleading doctrine—which applies only to "insiders" responsible for the day-to-day affairs of the  company—has no bearing on the analysis with respect to Tannenbaum, an outside director of KML.  *See* Directors' Reply at 9.

Even *Anwar v. Fairfield Greenwich Ltd.*, 728 F.Supp.2d 372 (S.D.N.Y. 2010) does not help Plaintiffs with respect to the claims against Tannenbaum.  In *Anwar*, Judge Marrero dismissed common law claims such as breach of fiduciary duty and negligent misrepresentation against individual defendants who — like Tannenbaum — were not the subject of fraud claims, and were not alleged to have had any specific contact with the plaintiffs, because it was not fair to infer from their mere employment that these individuals "played any specific role in preparing information for Plaintiffs' consumption" or had a "special relationship" with Plaintiffs.  *See Anwar*, 728 F.Supp.2d at 416-17.  Dismissal is similarly warranted here.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the Initial Memorandum, Directors' Reply and the Joint Brief, Tannenbaum respectfully submits that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  February 10, 2011
New York, New York

Respectfully submitted,

COOLEY LLP

By:___/s/ Laura Grossfield Birger___
Laura Grossfield Birger (lbirger@cooley.com)
Karen K. Won (kwon@cooley.com)

1114 Avenue of the Americas
New York, New York  10036
(212) 479-6000

*Attorneys for Defendant Michael G. Tannenbaum*

2

## CERTIFICATE OF SERVICE

I, KAREN K. WON, an attorney duly admitted to practice in the State of New York, certify and swear under penalty of perjury that, on February 10, 2011, I caused a true and correct copy of the REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MICHAEL G. TANNENBAUM'S MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT to be served upon the following via ECF filing:

**BOIES, SCHILLER & FLEXNER LLP**
David Boies
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

David A. Barrett
Howard L. Vickery
575 Lexington Avenue
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

Stuart H. Singer
Carlos M. Sires
Sashi Bach Boruchow
401 East Las Olas Blvd, #1200
Ft. Lauderdale, FL 3330 I
Tel: (954) 356-0011
Fax: (954)356-0022

**LABATON SUCHAROW LLP**
Joel H. Bernstein
Javier Bleichmar
Michael Woolley
140 Broadway
New York, NY 10005
Tel: 212-907-0700
Fax: 212-818-0477

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Joel P. Laitman
88 Pine Street
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

Steven J. Toll
Daniel S. Sommers
Joshua Devore
S. Douglas Bunch
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

/s/ Karen K. Won
KAREN K. WON

3